UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Leo Moran,

       Plaintiff,

     v.                                                Civil Action No. 1:09-CV-227

Andrew Pallito,

       Defendant.

**REPORT AND RECOMMENDATION**
(Doc. 15)

Plaintiff Leo Moran, a Vermont inmate proceeding *pro se*, brings this action against Andrew Pallito, Commissioner of the Vermont Department of Corrections ("DOC"), claiming that Pallito and "other people under the supervision of defendant" failed to comply with certain DOC policies. (Doc. 14 at 2.) Specifically, Moran claims that the DOC failed to follow its own protocol for helping released prisoners find employment and a residence. Moran alleges that because he did not receive adequate assistance from the DOC, he violated his probation and was re-incarcerated.[1]

Pending before the Court is Commissioner Pallito's second Motion to Dismiss. The Court granted the Commissioner's first motion to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), finding that there were insufficient allegations of either Pallito's direct

---

[1] In Moran's original Complaint, he also alleged that a computer problem in the prison law library prevented him from performing legal work for himself and others for a period up to 24 hours. He appears to have abandoned this claim in his Amended Complaint.

involvement or his involvement at the supervisory level.  The Court also allowed Moran 30 days to amend his Complaint to allege additional facts in support of his claims.

Moran has timely filed an Amended Complaint.  In response, the Commissioner again moves to dismiss under Rule 12(b)(6), arguing that Moran has still failed to allege sufficient personal involvement.  The Motion to Dismiss is unopposed.  For the reasons set forth below, I recommend that the Motion to Dismiss (Doc. 15) be GRANTED, and that this case be DISMISSED.

## Factual Background

For the limited purpose of ruling upon the pending Motion to Dismiss, the Court will accept the facts alleged in the Amended Complaint as true.

In 2002, Moran pled guilty to lewd and lascivious conduct with a child and was sentenced to one to five years in prison, all suspended except for ten days.  He claims that he served his prison time, completed five years of probation without a violation, and that his probation officer was ready to release him from probation in October 2007.  That same month, Moran was charged with two counts of petty larceny.  The case was set for trial in July 2008, but the charges were subsequently dropped.

Moran was also charged "in October" with seven counts of embezzlement.  (Doc. 14 at 1.)  Believing that he would be fired as a result of these charges, he quit his job, was unable to find other work, and ultimately moved to Massachusetts to live with his sister. He claims that his probation officer was aware of the move, and "allowed me to go back and forth each week." (*Id.* at 2.)  Nonetheless, the DOC ultimately decided that his sister's home was unsuitable because children resided in her building, and that he was in

2

violation of his probation. He was returned to prison on November 6, 2008.[2] On September 8, 2009, he was moved to an out-of-state facility.

Moran contends in his Amended Complaint that the DOC is legally required under its own directives to help inmates find housing "and try to get people back into the community," and that in his case they failed to comply with those directives. (*Id.*) The Amended Complaint asserts only these state law violations, and does not identify any federal law claims. For relief, he is seeking compensatory damages "based on the amount of time I have been in jail for not having my probation revoked as of now." (Doc. 10 at 1.)

## Discussion

### I.  Motion to Dismiss Standard

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechlis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Pleadings drafted by a *pro se* party should be liberally construed. *See Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006). However, "[i]n order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right of relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl.*

---

[2] Moran also informs the Court that in March 2008, he was "sentenced on an amended charge of three counts of false pretenses" arising out of the embezzlement charges. (*Id.*)

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, Moran must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

## II.     Personal Involvement

As in his initial complaint, Moran has failed to allege that Commissioner Pallito was directly involved in any alleged wrongdoing. As I explained in my previous Report and Recommendation, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). Supervisor liability under § 1983 can be established by the following methods:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez*, 341 F.3d at 145.

As discussed more fully in Section III below, while Moran has alleged that Pallito negligently supervised subordinates, he has not alleged that those subordinates committed any *constitutional* violations. Nor does he indicate that he informed the Commissioner of such a violation. Additionally, there is no allegation that Pallito created a policy that

4

condoned unconstitutional behavior, or that Pallito continued to allow such a policy.  In fact, Moran's claim is that Pallito's subordinates failed to adhere to DOC policies, and that he was harmed as a result.

Furthermore, allegations of negligent supervision under § 1983 must meet a "grossly" negligent standard.  Gross negligence "is conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing."  *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998) (quoting *AT&T Co. v. City of New York*, 83 F.3d 549, 556 (2d Cir. 1996); *see also Kane v. Lamothe*, 182 Vt. 241, 248 (2007) (stating that gross negligence is a "heedless and palpable violation of legal duty") (citation omitted). Moran has not alleged any facts that could plausibly meet this demanding standard, claiming only that "defendant is responsible for the negligent acts of other people under the supervision of defendant."  (Doc. 14 at 2.)  This sort of conclusory assertion, without factual support, is legally insufficient.  I therefore recommend that the Court GRANT the motion to dismiss for failure to allege sufficient personal involvement.

## III.  No Federal Claim

In addition to failing to assert sufficient personal involvement, Moran has failed to allege a violation of federal law.[3]  Indeed, his Amended Complaint relies solely upon the DOC regulations.  His filings also cite to *Jeffrey Michael Brandt v. Stephen Gold*, a 2003

---

[3] A review of Moran's pleadings indicates that, while he claimed in his original Complaint that "the Dept. of Corrections is in violation of my constitutional right of depriving me of [l]ife and [l]iberty" (Doc. 4 at 3), there is no such claim in his Amended Complaint.  Furthermore, Moran has failed to articulate how such an alleged violation resulted in a deprivation of either his procedural or substantive due process rights.

case decided by the Orleans Superior Court, in which the court held that the DOC must comply with its own directives and assist offenders with conditional re-entry. That case, however, was based purely upon state law, and made no reference to any sort of federal or constitutional issue. (Doc. 10-1.)

It is well established that "[a] violation of a state law or regulation, *in and of itself* does not give rise to liability under 42 U.S.C. § 1983." *Ward v. LeClaire*, No. 907-CV-0026, 2010 WL 1189354, at *4 (N.D.N.Y. Mar. 24, 2010); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003); *White v. Fischer*, No. 9:09-CV-240, 2010 WL 624081, at *5 (N.D.N.Y. Feb. 18, 2010) (stating that "state regulations, including DOCS Directives, do not ordinarily confer constitutional rights sufficient to give rise to a due process claim"). As noted above, Moran's initial Complaint included an access to courts claim under the First Amendment, but that claim appears to have been abandoned. Without a federal claim, the Court has no subject matter jurisdiction over the Amended Complaint, and the case should be DISMISSED. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("a case is properly dismissed . . . when the district court lacks the statutory or constitutional power to adjudicate it"); *see also McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (noting that courts may raise subject matter jurisdiction *sua sponte* and at any time).

## IV. Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002)

(citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).  Here, Moran was provided an opportunity to amend his Complaint, and has failed to allege personal involvement by the Commissioner in either his initial or subsequent Complaints.  Additionally, the Amended Complaint does not cite any sort of federal law violation, and offers no plausible basis for such a claim.  I therefore recommend that this case be DISMISSED without further leave to amend.

## Conclusion

For the reasons set forth above, I recommend that Commissioner Pallito's unopposed Motion to Dismiss (Doc. 15) be GRANTED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 27th day of December, 2010.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).